IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>         **Plaintiff,**<br><br>v.<br><br>**DAVON HINTON,**<br><br>         **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:15-cr-00732-DAK**<br><br>**Judge Dale A. Kimball** |

      This matter is before the court on Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A). In April 2017, Defendant pleaded guilty to one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). In July 2017, this court sentenced Defendant to 84 months imprisonment and 36 months of supervised released. Defendant now requests that, pursuant to 18 U.S.C. § 3582(c)(1)(A), the court reduce his sentence by converting the remainder of sentence to home confinement because he suffers from several health issues, including asthma, which place him at a greater risk of severe complications from COVID-19. Plaintiff United States of America (the "Government") opposes Defendant's request.

## DISCUSSION

      18 U.S.C. § 3582(c) permits a court to reduce a defendant's term of imprisonment pursuant to a motion seeking such relief. "Prior to the enactment of the First Step Act, only the [Federal Bureau of Prisons] could" file a motion for a compassionate release or a sentence modification under 18 U.S.C. § 3582(c)(1)(A). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). The First Step Act, however, modified 18 U.S.C. § 3582(c) to allow a

defendant federal prisoner to file the motion with the court him or herself. *Id.* Nevertheless, before a defendant can file a motion, it is required that the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

If the preceding requirement is satisfied, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Although the phrase "extraordinary and compelling reasons" is not defined in the statute, the United States Sentencing Commission has defined "extraordinary and compelling reasons" to include serious medical conditions. *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, at *2 (D.N.M. June 10, 2019) (unpublished). More specifically, the Application Notes to the Federal Sentencing Guidelines provide that extraordinary and compelling reasons exist for medical conditions when:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>   (I)  suffering from a serious physical or medical condition,
>
>   (II)  suffering from a serious functional or cognitive impairment, or
>
>   (III)  experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.  Further, the Application Notes provide an additional category entitled "Other Reasons" which establishes that extraordinary and compelling reasons other than those mentioned above can serve as a basis for a sentence reduction.  *See id.*

In this case, Defendant emphasizes that he suffers from several medical conditions, including asthma.  Given his medical conditions, and particularly the fact that he suffers from asthma, Defendant argues that his motion should be granted to protect him from the severe complications he could suffer as a result of COVID-19.

Preliminarily, the court notes that Defendant has properly satisfied the exhaustion requirement in this case.  Defendant submitted a request for compassionate release to the warden on May 22, 2020, on which the warden seemingly did not act.  The Defendant then filed the present motion with the court on June 22, 2020.  Accordingly, Defendant has satisfied the exhaustion requirement, and the court will proceed to address the merits of his motion.

Since the onset of the COVID-19 pandemic, many courts "have agreed that [extraordinary and compelling] reasons exist in cases involving defendants whose serious underlying health conditions place them at an elevated risk of infection and death from COVID-19 while in custody."  *United States v. Lopez*, No. 18-CR-2846 MV, 2020 WL 2489746, at *2 (D.N.M. May 14, 2020) (unpublished).  Of the courts that have reached such a conclusion, several "have based their finding on the Sentencing Commission's catch-all provision for 'other' extraordinary and compelling reasons" in the Application Notes.  *Id.*  Conversely, other courts have reached this determination based on "a plain reading of § 3582(c)(1)(A) after concluding that the [relevant] policy statement no longer applies."  *Id.*  Either way, "a majority of federal district courts have found . . . that the district court assumes the same discretion as the BOP

director when it considers a compassionate release motion properly before it." *United States v. Perez*, No. 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) (unpublished).

Regardless of the bases upon which other courts have found extraordinary and compelling reasons to grant a defendant's motion for reduction in sentence, the court concludes, based on the facts before it, that Defendant has failed to established extraordinary and compelling reasons to warrant the relief he seeks in this case. First, although Defendant suffers from asthma and several other health issues, he has presented no evidence that any of his medical conditions are not well under control despite being incarcerated. *See United States v. Davis*, No. 03-10157-1-JTM, 2020 WL 3037249, at *3 (D. Kan. June 5, 2020) (unpublished) (noting that the defendant's "medical conditions, while chronic, appear[ed] to be well-controlled within the BOP environment" and therefore denying the defendant's motion to reduce his sentence). Second, information attached to Defendant's motion undermines his claim for release. In Exhibit E to Defendant's motion, Dr. Brie Williams suggests that "[a]n estimated 39-43% of all prisoners . . . have at least one chronic condition." Given this statistic, Defendant's health condition is not so unique as to demonstrate extraordinary and compelling circumstances necessitating his release.

Third, Defendant contends that he no longer poses any danger to society. Specifically, he emphasizes that he was only the driver of the car in the offenses for which he is currently incarcerated. This argument, however, fails to appreciate Defendant's criminal history, which includes multiple violent offenses. For example, as a juvenile, Defendant was adjudicated for offenses which included fighting and assault against a police officer. Similarly, as an adult, Defendant was convicted of assaulting a police officer. The court therefore remains unpersuaded that Defendant is no longer a danger to the community.

Fourth, Defendant specifically asks that he immediately be released to home confinement.  However, "the court lacks any authority to order that [Defendant] serve the remainder of [his] sentence . . . by home confinement."  *United States v. Machuca-Quiintana*, No. 12-10085-JTM, 2020 WL 3047596, at *5 (D. Kan. June 8, 2020).  While the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") grants broader discretion to the Director of the Bureau of Prisons to utilize home confinement, it does not grant this court authority or jurisdiction to do the same.  *United States v. Carter*, No. CR 12-20066-38-KHV, 2020 WL 2523294, at *2 (D. Kan. May 18, 2020) (unpublished).  This is because "BOP—and only BOP— is statutorily authorized to release prisoners to home confinement."  *United States v. Candelaria*, No. 1:04-CR-75 WJ, 2020 WL 4698510, at *2 (D.N.M. Aug. 13, 2020) (unpublished); *see also United States v. Ward*, No. CR-13-42-R, 2020 WL 2089826, at *2 (W.D. Okla. Apr. 30, 2020) (unpublished) ("[BOP]—not the Court— . . . decides whether home detention is appropriate.").  The court therefore concludes that Defendant's motion must be denied.

As a final matter, in Defendant's reply memorandum, Defendant's counsel notes that he recently had a phone conversation with Defendant wherein Defendant suggested that the prison may be preparing to release him under the CARES Act.  While it still remains unclear, Defendant explained that the prison recently requested that he sign paperwork regarding his release conditions if he were released to live with his uncle in Nevada.  Given the potential that Defendant will be released at the request of the prison, the court clarifies that nothing in this decision precludes or stands in the way of the prison choosing to release Defendant pursuant to the CARES Act.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) is hereby DENIED.

Dated this 27th day of August, 2020.

                BY THE COURT:

                _____
                DALE A. KIMBALL
                United States District Judge